**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Howard Jay LEVINE, Defendant–Appellant.**

**No. 00–50367.**

**D.C. No. CR–99–02560–BTM.**

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 2001.*

Decided June 18, 2001.

Before KOZINSKI, THOMAS, Circuit Judges, and WHYTE,** District Judge.

### MEMORANDUM ***

Sufficient evidence existed to allow a rational trier of fact to convict Levine of wire fraud, in violation of 18 U.S.C. § 1343, and interstate communications with intent to extort, in violation of 18 U.S.C. § 875(d). The trial testimony, the recorded telephone conversations and the videotaped meeting provided a sufficient basis for the jury to conclude that Levine had a scheme for obtaining money through the use of false statements, and that he made false statements concerning the chicken and the lab report. The jury could have also easily found both that a reasonable person would be influenced to part with money and that Levine had the requisite intent to defraud. The record established ample evidence from which a jury could have found that Levine had the intent to extort from Jack–in–the–Box, and that the company had a reasonable fear of economic loss. There was also sufficient evidence in the record for the jury to conclude that at least one of Levine's communications occurred through transmissions across state borders.

The district court also did not abuse its discretion in excluding portions of witness White's testimony as hearsay. Levine failed to establish that testimony was admissible under either Fed.R.Evid. 806 or Fed.R.Evid. 803(3).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable Ronald M. Whyte, United States District Judge for Northern California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.